# STATE OF MICHIGAN

# COURT OF APPEALS

In re A. CARR, Minors.

UNPUBLISHED
January 13, 2015

No. 322559
Clare Circuit Court
Family Division
LC No. 13-000029-NA

Before: TALBOT, C.J., and CAVANAGH and M. J. KELLY, JJ.

PER CURIAM.

Respondent appeals by right the trial court's order terminating her parental rights to her daughter under MCL 712A.19b(3)(c)(*i*), (3)(g), and (3)(j). Because we conclude there were no errors warranting relief, we affirm.

The Department of Human Services first became involved with the child in February 2013, after respondent went to the child's school and told school personnel that her boyfriend had a gun and was going to kill her and the child. The Department sent a counselor to respondent for in-home counseling. The counselor later discovered respondent in a state where she was unable to function and respondent was taken to the hospital. The Department placed the child outside the home, but gave respondent supervised parenting time. After a hearing, the court authorized the Department to petition for termination. The court granted respondent parenting time twice a week and ordered the child not to have contact with respondent's boyfriend after the child revealed that respondent's boyfriend had exposed himself to her and had punched her.

Respondent subsequently entered a plea, admitting that she had a history of substance abuse and was currently on felony probation for two counts of drug possession. She also admitted to being taken to the hospital in March 2013 because she was in and out of consciousness. She acknowledged that she has mental health issues that are not being treated, including anxiety and bipolar disorder, and that the minor child had threatened suicide.

At a review hearing held about three weeks later, respondent's lawyer indicated that respondent was continuing with counseling. The Department, however, stated that respondent's private counselor had reported that she had made "no progress." The court ordered respondent to continue with counseling, but concluded that it was contrary to the minor child's interest to return her to respondent's care "because of the prescription drug abuse and fairly recent high dosages that were indicated through drug testing." The court also stated that the Department was "making reasonable efforts" and wanted "those reasonable efforts to continue."

-1-

The trial court suspended respondent's parenting time for 30 days in September 2013. The court stated that it would allow her to resume parenting time if she made and kept two appointments with Community Mental Health and if she had four clean drug tests. During the review hearing in November 2013, the court ordered the suspension to continue until respondent completed the requirements from its previous order. And, after a February 2014 permanency planning hearing, the court approved the petition to terminate respondent's parental rights and continued its order of suspension.

At the termination hearing, there was testimony that respondent had been asked to participate in sex abuse counseling, substance abuse counseling, parenting education, parenting-time sessions, and random drug screens. The evidence established that when it was suggested to respondent that she take part in a residential drug treatment program, respondent indicated that she was not interested. There was also testimony that respondent had made only minimal progress on her substance abuse issues and was not to the point of recovery. The mental health professional who performed respondent's psychological examination testified that she minimizes the severity of her issues and has a tendency to blame others for her problems.

The court found by clear and convincing evidence that respondent had failed to rectify the conditions that caused the court to take jurisdiction of the minor child, which included substance abuse and mental health issues. The court found that respondent did not have insight into her problems from private therapy, failed to provide clean drug tests, and failed to seek counseling at Community Mental Health. The court also found that respondent refused to accept responsibility for the situation she was in, blaming others, including the minor child, for her problems.

The court also found by clear and convincing evidence that respondent failed to provide proper care and custody, noting respondent's repeated substance abuse and her failure to rectify the conditions that led to adjudication, and that there was a reasonable likelihood of harm if the minor child was returned to respondent.

Finally, the court found that it was in the child's best interests to have respondent's parental rights terminated. The court stated that the child's foster parents could provide the needed stability and permanency. The court ordered that respondent's parental rights be terminated.

Respondent argues on appeal that the Department failed to make reasonable efforts to reunify her with the minor child. In a child protective services case the Department "must make reasonable efforts to rectify conditions, to reunify families, and to avoid termination of parental rights." *In re LE*, 278 Mich App 1, 18; 747 NW2d 883 (2008). However, "[w]hile the [Department] has a responsibility to expend reasonable efforts to provide services to secure reunification, there exists a commensurate responsibility on the part of respondents to participate in the services that are offered." *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012).

There was testimony that respondent was provided services that included individual counseling, sexual abuse counseling, substance abuse counseling, parenting education, parenting time, and random drug screens. These services were directed specifically at addressing the conditions that led to the assumption of jurisdiction. Testimony at respondent's termination

hearing revealed that she continued to test at a higher than therapeutic level for prescription drugs and had not advanced to the point of recovery. Respondent also failed to attend the required mental health appointments and failed to provide the required clean drug screens.

On appeal, respondent points to her kidney problems as evidence of a lack of coordination in her treatment. She asserts that her kidney problems are responsible for her failed drug screens. However, no medical evidence or testimony was ever introduced by respondent on this issue. There is also no indication that respondent ever requested any type of medical evaluation or accommodation. "The time for asserting the need for accommodation in services is when the court adopts a service plan, not at the time of a dispositional hearing to terminate parental rights." *In re Terry*, 240 Mich App 14, 27; 610 NW2d 563 (2000).

With regard to the alleged failure to coordinate drug and psychological therapy, respondent argues that the appropriate therapy was not ordered until after the hearing in September 2013. But the record shows that respondent failed to complete the therapy after it was ordered. There is no indication that respondent ever objected to the type of treatment provided prior to the termination hearing or that she complied with additional treatment requirements ordered by the court after the September 2013 hearing.

On this record, we cannot conclude that the Department's efforts to reunify respondent with her child were unreasonable. Moreover, because the trial court did not clearly err when it found that the Department had proved at least one ground for termination by clear and convincing evidence and did not clearly err when it found that termination was in the child's best interests, it did not err when it order the termination of respondent's parental rights. *In re Ellis*, 294 Mich App 30, 32-33; 817 NW2d 111 (2011).

There were no errors warranting relief.

Affirmed.


/s/ Michael J. Talbot
/s/ Mark J. Cavanagh
/s/ Michael J. Kelly